# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-741V
UNPUBLISHED

| | |
|---|---|
| TINA COPPERSMITH,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 24, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA*, for petitioner.

*James Vincent Lopez, U.S. Department of Justice, Washington, DC*, for respondent.

### RULING ON ENTITLEMENT[1]

On May 17, 2019, Tina Coppersmith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Shoulder Injury Related to Vaccine Administration (SIRVA) as a result of her March 30, 2018 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 24, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> [i]t is Respondent's position that Petitioner suffered SIRVA as defined by the Vaccine Injury Table. Specifically, Petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder that would explain the alleged signs, symptoms, examination findings and/or diagnostic studies occurring after vaccine injection; the onset of pain occurred within forty-eight hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality has been identified to explain Petitioner's left shoulder pain.

*Id.* at 4-5 (*citing* 42 C.F.R. §§ 100.3(a), (c)(10).) Respondent further agrees that "Petitioner suffered the residual effects of her condition for more than six months." *Id.* at 5 *(citing* 11(c)(1)(D)(i)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                                      **s/Brian H. Corcoran**
                                                      Brian H. Corcoran
                                                      Chief Special Master